# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANUELOS,<br><br>    Plaintiff,<br><br>v.<br><br>HANFORD ELEMENTARY SCHOOL DISTRICT and KAREN MCCONNEL,<br><br>    Defendants. | CASE NO. 1:19-cv-01764-NONE-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**TWENTY-EIGHT (28) DAY DEADLINE** |

## I. INTRODUCTION

On December 19, 2019, Plaintiff Robert Banuelos, proceeding *pro se*, filed a civil complaint against Defendants Hanford Elementary School District and Assistant Superintendent Karen McConnel [sic]. (Doc. 1.) Plaintiff purports to allege causes of action under 42 U.S.C. § 1983 for violations of his rights under the First Amendment, Eighth Amendment, Ninth Amendment, and Fourteenth Amendment. (*Id.* at 3.) Plaintiff seeks monetary damages of $250,000. (*Id.* at 6.)

Plaintiff's complaint is now before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading for some

of the claims. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file an amended complaint.

### A. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.

*See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II.  DISCUSSION

### A.  Plaintiff's Allegations

Plaintiff's factual allegations are unclear. Plaintiff first alleges that in 2006–2007, a "restraining order was filed" against Defendant McConnel [sic], and "was dismissed due to her being employed at Hanford School District." (Doc. 1 at 3.) Then, Plaintiff alleges that in 2016, he "began posting on social media sites in regards to these group [sic] of woman employees that were connected . . . [to] nuestra familia and civil rights violation that happened to my son and me." (*Id.*) Plaintiff alleges that in 2019, he spoke to someone named "Bobby Garia" about Defendant McConnel [sic], and Defendant McConnel [sic] then "filed a restraining order for posting social media and retaliation for complaints that [Plaintiff] filed." (*Id.*) Plaintiff alleges that Defendant McConnel [sic] "used the governing power of Hanford Elementary School District to violate [Plaintiff's] constitutional rights, conceal the truth of employees at Hanford Col. Roosevelt School

that where [sic] involved with drug trafficking and nuestra familia." (*Id.*) Plaintiff alleges claims under the First Amendment, Eighth Amendment, Ninth Amendment, and Fourteenth Amendment. (*Id.*)

### B. Legal Standards

#### 1. Shotgun Pleading

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

Here, the major deficiency with the complaint as currently pleaded is that it is an impermissible "shotgun" pleading. Plaintiff's complaint alleges various claims but does not state which facts relate to which claim or how the facts relate to the legal claims raised. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2). In any amended complaint, **Plaintiff must separate his claims, state the legal basis for the claim, the facts that are related to the claim, and how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim.** *See* **Fed. R. Civ. P. 8(a).**

**2. Immunity**

**a. Eleventh Amendment Immunity**

The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant, regardless of the relief sought. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Dittman v. State of California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999); *Franchesi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies") (citation omitted). The Ninth Circuit has held that "California school districts . . . are 'arms of the state' entitled to state sovereign immunity." *Sato v. Orange County Department of Education*, 861 F.3d 923, 926 (9th Cir. 2017) (citing *Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1995), *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992)). Eleventh Amendment immunity also extends to "damages claims against state officials acting in their official capacities, whether such claims are grounded in federal or state law." *Mario V. v. Alisal Union School District*, Case No. 18-cv-00041-BLF, 2018 WL 3707286, at *2 (N.D. Cal. Aug. 3, 2018) (citing *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992)).

Based on the above authorities, Defendant Hanford Elementary School District is clearly entitled to Eleventh Amendment immunity. *See Sato*, 861 F.3d at 926. This immunity also extends to Defendant McConnel [sic], to the extent she is sued in her official capacity.[1] *See Pena*, 976 F.2d at 473. Thus, Plaintiff's claims against Defendant Hanford Elementary School District and Defendant McConnel [sic], in her official capacity, are subject to dismissal as barred by sovereign

---

[1] Plaintiff does not specify in the complaint whether Defendant McConnel [sic] is sued in her official capacity or individual capacity. (*See generally* Doc. 1.) When officials are named in a complaint and the plaintiff seeks money damages, and the complaint is silent as the officials' capacity, "the court must presume that the plaintiff asserts a personal-capacity suit." *See Lumbreras v. Roberts*, 319 F.Supp.2d 1191, 1203 (D. Or. May 26, 2004) (citing *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994)). Thus, the Court presumes that Plaintiff is attempting to state a claim against Defendant McConnel [sic] in her individual capacity.

immunity.

### b. Qualified Immunity

School officials sued in their individual capacity are entitled to qualified immunity in certain circumstances. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Here, Plaintiff has not pleaded facts to show that Defendant McConnel [sic] would not be entitled to qualified immunity. Thus, Plaintiff will be granted leave to amend to attempt to state a claim against Defendant McConnel [sic] that would not be barred by qualified immunity.

### 3. Section 1983

It appears that Plaintiff is seeking to address purported violations of his civil rights by attempting to assert claims pursuant to Section 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v.*

1  *Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must further demonstrate that each defendant
2  personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct.
3  at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City*
4  *of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff must clearly identify which defendant(s)
5  he believes are responsible for each violation of his constitutional rights and the supporting factual
6  basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her.
7  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### a. First Amendment Claim

"To state a First Amendment retaliation claim, a plaintiff must plausibly allege 'that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'" *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

Here, Plaintiff's allegations are not sufficiently clear to "raise a right to relief above the speculative level," *see Twombly*, 550 U.S. at 555, and Plaintiff has not stated a claim for First Amendment retaliation.[2] Plaintiff may be able to state a claim, but he must include more details as to his factual allegations. For example, Plaintiff alleges that in 2016, he "began posting on social media sites // [sic] in regards to these group of woman employees that where [sic] connected 2006-2010 nuestra familia. And civil rights violation that happend [sic] to my son and me." (Doc. 1 at

---

[2] In the complaint, under "Claim I," Plaintiff lists "1st Amendment" and checks the box for "Retaliation." (Doc. 1 at 3.) In the "Injury" section, Plaintiff lists "The 1st Amendment Right to freedom of speech. 1st / Amendment [sic] Retaliation for grivance [sic] against the government!" (*Id.*) Based on the allegations in the complaint, it appears that Plaintiff is attempting to allege a claim for First Amendment retaliation and that allegations relating to "freedom of speech" are part of the First Amendment retaliation claim. *See, e.g., Lopez v. Fresno City College*, No. 1:11-CV-01468 AWI-MJS, 2012 WL 844911, at *11 (E.D. Cal. Mar. 12, 2012). However, as described above, Plaintiff will be granted leave to amend to clarify the claims he is raising and to separate the claims based on their legal basis and the facts that support each claim.

7

3.) Plaintiff does not specify what specifically he was posting on social media or who the posts were about. He also does not allege the "civil rights violation" that he and his son experienced, who was responsible for the violation, and what he posted on social media on that subject.

Further, Plaintiff alleges that he "spoke" to "Board of electing HE.S.D. Bobby Garia // [sic] "concerning [Defendant McConnel]," but he does not explain what he said to Mr. Garia and it is not clear who Mr. Garia is. (*See id.*) Plaintiff then alleges that Defendant McConnel [sic] "filed a restraining order for posting social media and retaliation for complaints that [Plaintiff] filed," but does not explain to what complaints he is referring, where Defendant McConnel [sic] "filed" a restraining order, or what the restraining order prevented Plaintiff from doing (e.g., posting anything on social media, posting certain things on social media, filing "complaints"). (*See id.*) Thus, it is unclear whether this "restraining order" is even related to Plaintiff's speech based on Plaintiff's allegations. Finally, Plaintiff states that Defendant McConnel [sic] "used the governing power of Hanford Elementary School District . . . to violate [his] constitutional rights" but does not explain what he means by this. (*See id.*) Thus, because Plaintiff does not sufficiently allege what "activity" he was engaged in or what "actions" any Defendant took in response, Plaintiff fails to state a First Amendment claim. *See Capp*, 940 F.3d at 1053. As Plaintiff's factual allegations are unclear and he may be able to clarify them, and due to his *pro se* status, Plaintiff will be granted leave to amend to attempt to state a claim against Defendant McConnel [sic].

### b. Eighth Amendment Claim

Plaintiff also alleges a claim for "8th Amendment . . . inflict cruel unusual punishment." (*See* Doc. 1 at 3.) However, "the Eighth Amendment applies only to persons who have been sentenced following a criminal conviction[.]" *Davis v. Sheena*, No. 2:12-cv-1184 CKD P, 2012 WL 4038734, at *2 n.1 (E.D. Cal. Sept. 12, 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 528 (1979)). Plaintiff does not allege that he was convicted of or sentenced for any criminal offense in connection with the allegations in the complaint, and does not allege any other facts that would support an Eighth Amendment claim. Thus, the complaint as currently pleaded does not state an Eighth Amendment claim.

### c. Ninth Amendment Claim

Plaintiff alleges a claim for relief for violation of the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under § 1983 because it does not "independently [secure] any constitutional rights . . ." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiffs may not "'double up' constitutional claims), *aff'd sub nom. Groh v. Ramirez*, 540 U.S. 551 (2004); *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim."). Accordingly, Plaintiff's Ninth Amendment claim is not cognizable.

### d. Fourteenth Amendment Claim

Plaintiff appears to also allege that his right to equal protection under the Fourteenth Amendment was somehow violated by Defendants' actions. (*See* Doc. 1 at 3.) "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim under § 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that, he as an individual, "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that defendants have merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12-0439 GW (SS), 2013 WL 5230689, at *3-5 (C.D. Cal. Sept. 17, 2013) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.

1990); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . ." (internal quotation marks omitted)).

Here, Plaintiff does not sufficiently allege an equal protection claim against Defendant McConnel [sic]. Plaintiff does not allege that he is a member of a protected class or even that there are others similarly situated that Defendants treated differently, as required. *See Furnace*, 705 F.3d at 1030; *Nails*, 2013 WL 5230689, at *3-5. He simply alleges that Defendants have harmed him. (*See* Doc. 1 at 3.) Thus, as currently pleaded, Plaintiff's equal protection claim is not cognizable.

### III.    CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff is granted leave to file a first amended complaint;

2.   Within twenty-eight (28) days from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

3.   **If Plaintiff fails to file an amended complaint or a notice of voluntary dismissal in compliance with this order, the undersigned will recommend to the assigned**

district judge that this action be dismissed for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **March 30, 2020**   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE