# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BONUELOS,<br><br>        Plaintiff,<br><br>v.<br><br>HANFORD ELEMENTARY SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01764-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(Docs. 5, 9)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On December 19, 2019, Plaintiff, proceeding pro se, filed the complaint in this case against Defendants. (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*, which was granted on December 23, 2019. (Docs. 2, 3.)

On March 30, 2020, the Court issued a screening order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave until April 27, 2020, for Plaintiff to file an amended complaint. (Doc. 5.) Plaintiff filed a request for an extension of time to file his amended complaint, and the Court granted the request and allowed Plaintiff until May 25, 2020, to file his amended complaint. (Docs. 7, 8.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.

On July 1, 2020, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's November 7, 2018 screening order. (Doc. 9.) When served at Plaintiff's address of record, the OSC was returned as undeliverable on July 10, 2020. Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails

>to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b).  Although more than sixty-three days have passed since the OSC was returned as undeliverable, Plaintiff has neither responded to the OSC, nor contacted the Court to request an extension or to otherwise explain his lack of compliance with the OSC.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  *See also* Local Rule 183(a).  ""District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order dismissing his complaint and his failure to keep his address updated, there is no alternative but to recommend that the action be dismissed for failure to respond to/obey a court order and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2020**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE